

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 17, 1970

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M-650

Re: Whether the Sheriff of
Harris County is authorized
to seize goats running at
large, and related questions.

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part,
as follows:

"1. Is the Sheriff of Harris County
authorized to seize goats running at large?

"2. If the answer to the first question
is in the affirmative, what procedure should
the Sheriff follow to dispose of such goats?

"3. If the answer to the first question
is in the affirmative, what impounding fee,
if any, may the Sheriff charge for such goats?"

The materials annexed to the memorandum brief sub-
mitted with your letter indicate that two stock law elections
were held in Harris County in 1932: in one, the voters pro-
hibited the running at large of hogs, sheep, and goats. In
the other, the voters prohibited the running at large of
horses, mules, jacks, jennets, and cattle.

Article 6930 et seq. of Chapter 5, Title 121,
Vernon's Civil Statutes, as amended, set forth a procedure
whereby county voters may determine whether horses, mules,
jacks, jennets, donkeys, hogs, sheep, or goats shall be
permitted to run at large in a county.

-3114-

Articles 6954 et seq. of Chapter 6 of this Title 121, as amended, set forth a similar procedure that relates only to cattle, and to no other type of animal.

The only statutory authorization for a sheriff's seizing stock running at large is found in Article 6965 of Chapter 6 of this Title 121. That Article provides, in part, as follows:

> "It shall be the duty of any sheriff or constable of any county, or subdivision thereof, within this State, <u>where the provisions of this Chapter are or may hereafter become operative</u>, to seize <u>any stock</u> which may become known to him to be running at large on any outside premises <u>where the provisions of the stock law are in force</u>, and impound the same in some place provided for that purpose, and immediately notify the owner thereof, and if such owner is known to such officer, who may redeem the same on the payment of an impounding fee of One Dollar ($1) per head, and the following additional fee for each day such stock is so kept:  One Dollar ($1) per day per head for horses, mules, and cattle; fifty cents (50¢) per day per head for jacks and jennets; and twenty-five cents (25¢) per day per head for sheep, goats, and swine ......." (Emphasis added.)

In our opinion, Article 6965, supra, imposes the duty upon a sheriff to seize and impound the stock named in Chapter 6, Title 121, Vernon's Civil Statutes, and in addition all the other stock named in Chapter 5, of that Title, by reason of the two independent provisions of that Article which are underscored in the immediately preceding quoted portion thereof. The second provision, "where the provisions of the stock law are in force" imposes a separate and additional duty in addition to

the duty imposed by the preceding provision which refers to "this Chapter". This is manifestly the intent of the Legislature because the Article specifically provides fees for impounding the other animals named in Chapter 5, in addition to cattle named in Chapter 6.

We are of the opinion that the following statement is apposite to the instant matter:

> "A statute will be construed in such a manner as to make it effective, that is, enforceable and operative, if it is fairly susceptible of such an interpretation. Thus, where two constructions might reasonably be given a statute, of which one will effectuate the legislative intent and purpose and make the act operative, whereas the other will defeat that intent and purpose and render it inoperative, the former construction will be so interpreted as to secure the benefits intended and as will best effect the legislative purpose." 53 Tex.Jr.2d 223-25, Statutes, §157.

It should be noted that the Legislature, while seemingly restricting the operation of Article 6965, supra, to Chapter 6 of Title 121, Vernon's Civil Statutes, did set forth in that Article specific impounding fees for types of animals covered by both Chapters 5 and 6 of Title 121, Vernon's Civil Statutes. In addition, goats are mentioned specifically in Article 6967, which is also found in Chapter 6 of Title 121, Vernon's Civil Statutes.

In this connection, it has been said that:

> "Another fundamental rule requires that a statute be construed as a whole and that all of its parts be harmonized if possible, so as to give effect to the entire act according to the evident intention of the legislature.

. . . (T)he Court will endeavor to reconcile
the various provisions of the act, insofar
as they may appear to be conflicting or in-
consistent, to the end that the enactment and
every word, phrase, clause, and sentence may
have its proper effect.

"Each part of the statute is to be con-
sidered in connection with every other part
and with the entire enactment, in order to
produce a harmonious whole and to reach the
true legislative intent.  Thus, in case of
doubt as to the meaning of a particular word,
clause, provision, or section, it is to be
viewed in the light of all the language em-
ployed.  It follows that a provision will
not be given a meaning out of harmony with
other provisions and inconsistent with the
purpose of the act, although it would be
susceptible of such construction standing
alone."  53 Tex.Jur.2d 229-32, Statutes,
Sec.160.

See, generally, 53 Tex.Jur.2d 280-84, Statutes,Sec.
186, relating to the construction of statutes in pari
materia.

Even if we had not given Article 6965, supra, the
foregoing construction, we believe the Sheriff of Harris
County would, nonetheless, have the power to seize goats
running at large, since the provisions of Chapter 6 of
Title 121, Vernon's Civil Statutes, were enacted and made
operative by the voters in the 1932 election that prohibited
the running at large of cattle in that county.

For the foregoing reasons, your first question is
answered in the affirmative.

In answer to your second question, it is our opinion that the procedure to be followed by the Sheriff in disposing of goats running at large is set forth in Articles 6965, 6969, and 6970, Vernon's Civil Statutes. See also Attorney General's Opinion No. S-01 (1953), which authorizes a county to lease land and build pens necessary to impound livestock seized by a sheriff pursuant to Article 6965, supra.

In answer to your third question, the impounding fee that may be charged for such goats by the Sheriff is $1 per head, plus an additional fee of 25¢ per head for each day such goats remain impounded, as provided in Article 6965, supra.

## S U M M A R Y

(1) The Sheriff of Harris County is authorized to seize goats running at large in that county, pursuant to Article 6965, Vernon's Civil Statutes.

(2) The procedure the Sheriff would follow in disposing of such goats is set forth in Articles 6965, 6969, and 6970, Vernon's Civil Statutes; and

(3) The impounding fee to be charged for such goats by the Sheriff is $1 per head, plus an additional fee of 25¢ per head for each day such goats remain impounded, pursuant to Article 6965, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor Chairman
W. E. Allen, Co-Chairman
Bob Lattimore
Charles Parrett
Malcolm Quick
Jerry Roberts

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant